United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| TIGRAN TAMAZYAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 15-10416-NMG |
| EUGENE KNASKY, | ) | |
| Defendant. | ) | |

**ORDER**

**GORTON, J.**

The Court will not require plaintiff to go through the
futile exercise of attempting to serve process on defendant in
Russia in accordance with the Hague Convention on the Service
Abroad of Judicial and Extrajudicial Documents, as called for by
Fed. R. Civ. P. 4(f)(1). Nuance Commc'ns, Inc. v. Abbyy Software
House, 626 F.3d 1222, 1237-38 (Fed. Cir. 2010) (discussing the
Russian Federation's long-standing refusal to comply with
relevant provisions of the Hague Service Convention despite
being a signatory); Arista Records LLC v. Media Servs. LLC, 2008
WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008) (same). Therefore,
plaintiff will instead be permitted to attempt to effectuate
service of process on defendant in accordance with Russian
Federation law for service in an action within its own courts of
general jurisdiction. Fed. R. Civ. P. 4(f)(2)(A).

-1-

For the time being, the Court will not, however, permit plaintiff to utilize facsimile or email to effectuate service on defendant. See Fed. R. Civ. P. 4(f)(3). Plaintiff must first diligently attempt to serve defendant in accordance with Russian Federation law before the Court will entertain permitting alternative methods of service of process. Accordingly, plaintiff's motion to authorize alternate methods of service of process (Docket No. 4) is **ALLOWED, in part,** and **DENIED, in part, without prejudice** as described herein.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated April 3 , 2015