United States District Court
District of Massachusetts

| | |
|---|---|
| Tigran Tamazyan,<br><br>    Plaintiff,<br><br>    v.<br><br>Eugene Knasky,<br><br>    Defendant. | Civil Action No.<br>15-10416-NMG |

## ORDER

GORTON, J.

Upon reflection, the Court concludes that the order of default judgment on March 7, 2017 (Docket No. 21) was improvidently entered. For the reasons that follow, that default judgment will be vacated and the action dismissed in its entirety.

Plaintiff, a Russian citizen residing in Russia, seeks to enforce a Russian court judgment against defendant, an American citizen who the complaint alleges also resides in Russia. Plaintiff rests subject matter jurisdiction upon 28 U.S.C. § 1332, the diversity statute. That theory fails. Because defendant is an American citizen domiciled abroad, diversity jurisdiction does not exist, and this court lacks subject matter jurisdiction over this case.

District courts have original jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(2). To qualify as "a citizen of a state" within the meaning of § 1332, "a natural person must be both a citizen of the United States <u>and</u> be domiciled within the State". Hearts With Haiti, Inc. v. Kendrick, 856 F.3d 1, 2 (1st Cir. 2017) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)) (emphasis in original).

American citizens domiciled abroad "are citizens of no state". D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) (per curiam). Such a person's American citizenship destroys diversity under § 1332(a)(2) and their "stateless" status destroys diversity under § 1332(a)(3). Id. (quoting Newman-Green, 490 U.S. at 829). Accordingly, diversity jurisdiction cannot be invoked to create subject matter jurisdiction against an American citizen living abroad. See Falken Indus., Ltd. v. Johansen, 360 F. Supp. 2d 208, 210 (D. Mass. 2005).

Plaintiff's complaint, fairly read, alleges that he is a citizen of a foreign state and that defendant is a citizen of no state. Because "diversity of citizenship is assessed at the time the action is filed," Freeport-McMoRan, Inc. v. K N Energy,

Inc., 498 U.S. 426, 428 (1991), it follows that diversity jurisdiction never (nor ever could have) existed in this case.

A judgment entered without subject matter jurisdiction is void. Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 67 (1st Cir. 2003). Further, the Supreme Court has established that

> [t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.

Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (emphasis added) (internal citation omitted).

This course of action is not discretionary. Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 139 (1st Cir. 2004). Whenever a court "lacks jurisdiction of the subject matter, the court shall dismiss the action". Mills v. State of Me., 118 F.3d 37, 51 (1st Cir. 1997) (quoting Fed. R. Civ. P. 12(h)(3) (emphasis added)).

This Court vacates the default judgment entered on March 7, 2017 (Docket No. 21) and dismisses this action in its entirety for lack of subject matter jurisdiction. The Clerk of Court shall close this case.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 15, 2017